


Cardillo & Corbett
Attorneys for Plaintiff
Godwin Austen International Limited
29 Broadway
New York, New York 10006
Tel: (212) 344-0464
Fax: (212) 797-1212

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
GODWIN AUSTEN INTERNATIONAL LIMITED,  :
                                      :   ECF
                Plaintiff,            :
                                      :   **VERIFIED COMPLAINT**
        -against-                     :
                                      :
BHARAT MARINES COMPANY INDIA,         :
PVT. LTD.,                            :
                                      :
                Defendant.            :
------------------------------------x

Plaintiff, GODWIN AUSTEN INTERNATIONAL LIMITED (hereinafter referred to as "Plaintiff"), by and through its attorneys, Cardillo & Corbett, as and for its Verified Complaint against the Defendant, BHARAT MARINES COMPANY INDIA, PVT. LTD, (hereinafter referred to as "Defendant"), alleges, upon information and belief, as follows:

JURISDICTION

1.   This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

## THE PARTIES

2. At all times material to this action, Plaintiff was, and still is, a corporation created and existing under the laws of the Republic of Indonesia, with its office at JL. Menara Kuningan, 2d Floor, JL. H.R. Rasuna Said Kuningan Blok, X7/KAV5, Jakarta, Indonesia.

3. Plaintiff is in the business, among other things, of obtaining the services of ocean going vessel for the carriage of goods in international commerce.

4. Upon information and belief, Defendant was, and still is, a foreign corporation, or other business entity, organized under foreign law, with a place of business at c/o HY-Power Marine Solutions Pvt. Ltd., K-108/2 Bougain Villa Apts., 16th Street, Annanagar East, Chennai, 600102, India.

## DEFENDANT'S BREACH OF CONTRACT

5. On July 23, 2007 Plaintiff agreed to charter the vessel BMC GENESIS ("the Vessel") from the Defendant for the purpose of the carriage of a cargo of copra from a port in Indonesia to a port in India ("the Contract").

6. In breach and repudiation of the Contract the Defendant utterly failed to provide the Vessel to the Plaintiff for performance of the Contract.

7. In direct consequence of the Defendant's aforesaid breach of the Contract, the Plaintiff was unavoidably

forced to store the intended cargo at the port of loading for an extended period of time and to obtain the services of a replacement vessel to carry the cargo to India.

8. By reason of the aforesaid, Plaintiff has suffered damages in the amount of $53,200.00 for the storage of the cargo at the loading port in Indonesia, and $79,397.39 in additional cost for the replacement vessel to carry the cargo to India, no part of which has been paid, despite Plaintiff's repeated demands therefor made upon the Defendant

## THE LONDON ARBITRATION

9. The Contract provided for arbitration of disputes in London under English law. Plaintiff's aforesaid claims against Defendant are now the subject of an arbitration in that city.

## PLAINTIFF'S DAMAGES

10. Interest, costs and attorneys' fees are routinely awarded to the prevailing party in an arbitration under English law. As best as can now be estimated, Plaintiff expects to recover the following amounts from Defendant:

| | | |
|---|---|---:|
| A. | Principal claim: | $132,597.39 |
| B. | 2 years interest at 7% per annum: | 18,563.61 |
| C. | Costs and attorneys' fees: | 50,000.00 |
| | Total: | $201,161.00 |

## DEFENDANT NOT FOUND WITHIN THE DISTRICT

11. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, property within this District and subject to the jurisdiction of this Court, held in the hands of garnishees including, but not limited to, ABN Amro Bank NV, American Express Bank, Banco Popular, Bank Leumi, Bank of America, Bank of China, Bank of Communications Co. Ltd. New York Branch, Bank of New York, Barclays Bank, BNP Paribas, Calyon, Citibank, Commerzbank, Deutsche Bank, HSBC (USA) Bank, J.P. Morgan Chase, Societe Generale, Standard Chartered Bank, State Bank of India, UBS AG and/or Wachovia Bank.

12. The Plaintiff seeks an order from this Court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching, *inter alia,* any property of the Defendant held by the aforesaid garnishees for the purpose of obtaining personal jurisdiction over the Defendant, and to secure Plaintiff's claim as described above.

**WHEREFORE**, Plaintiff prays:

A.   That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

B.   That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including, but not limited to, ABN Amro Bank NV, American Express Bank, Banco Popular, Bank Leumi, Bank of America, Bank of China, Bank of Communications Co. Ltd. New York Branch, Bank of New York, Barclays Bank, BNP Paribas, Calyon, Citibank, Commerzbank, Deutsche Bank, HSBC (USA) Bank, J.P. Morgan Chase, Societe Generale, Standard Chartered Bank, State Bank of India, UBS AG and/or Wachovia Bank, in the amount of $201,161.00 to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C.   That this Court retain jurisdiction over this

matter through the entry of any judgment associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof; and

    D.  That the Plaintiff have such other, further and different relief as the Court may deem just and proper.

Dated:    New York, New York
            March 26, 2008

                        CARDILLO & CORBETT
                        Attorneys for Plaintiff
                        GODWIN AUSTEN INTERNATIONAL
                        LIMITED

By: _____
       Francis H. McNamara (FM4649)

**ATTORNEY'S VERIFICATION**

State of New York )
                ) ss.:
County of New York)

1. My name is Francis H. McNamara.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am associated with the firm of Cardillo & Corbett, attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff's attorneys in Singapore.

7

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:   March 26, 2008
         New York, New York

_____
Francis H. McNamara

Sworn to this 26th day
of March, 2008

_____
Notary Public

TULIO R. PRIETO
Notary Public, State of New York
No. 02PR6070011
Qualified in Richmond County
Certificate Filed in New York County
Commission Expires February 19, 2010

8